UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO LOPEZ MENDEZ<br>(A-Number: 221-449-336),<br><br>        Petitioner,<br><br>    v.<br><br>KRISTI NOEM, Secretary, U.S. Department<br>of Homeland Security, et al.,<br><br>        Respondents. | No.  1:26-cv-02352-KES-HBK (HC)<br><br>ORDER GRANTING PETITION FOR WRIT<br>OF HABEAS CORPUS AND REQUIRING<br>IMMEDIATE RELEASE<br><br><br>Docs. 1, 9 |

Petitioner Benito Lopez Mendez is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 10.  Respondents filed a motion to dismiss the petition.  Doc. 9.  The Court has previously addressed the legal issues raised by count one of the petition.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 11.  Respondents filed a statement indicating their intent to stand on their motion to dismiss as their response to the Court's order to show cause.  Doc. 12.  While respondents oppose the petition and move for dismissal, they do not

1

raise any new arguments. *See* Docs. 9 at 1–2; 12.[1]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), respondents' motion to dismiss is DENIED and the petition for writ of habeas corpus is GRANTED as to count one, for the reasons addressed in those prior orders.[2]

The Court ORDERS that respondents release petitioner Benito Lopez Mendez (A-Number: 221-449-336) immediately. If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

The Clerk of Court is directed to terminate pending matters, close this case, and enter judgment for petitioner. The Clerk is directed to serve Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:    May 14, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which they argue could resolve the issues raised here. *See* Doc. 9 at 2. But Ninth Circuit precedent counsels against a stay in these circumstances. *See Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000) (finding district court abused its discretion by indefinitely staying immigrant detainee's habeas case pending resolution of an appeal in another case raising the same issue). "[H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Id.* at 1120. An indefinite, potentially lengthy stay in a habeas case pending an appeal in another case is generally inappropriate. *See id.* The Court declines to effectively stay this case by deferring a ruling on the petition.

[2] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on count one.

2